# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ROBIN HILLGEN-RUIZ and SHELLEY
D. KROHN, Chapter 7 Trustee for the
Chapter 7 Bankruptcy Estate of Robin
Hillgen-Ruiz,

             Plaintiffs,

    v.

TLC CASINO ENTERPRISES and FOUR
QUEENS, LLC,

             Defendants.

Case No. 2:14-CV-00437-APG-VCF

**ORDER**

(Dkt. #25)

    Plaintiffs Robin Hillgen-Ruiz and Shelley Krohn move for an order directing Defendants TLC Casino Enterprises and Four Queens, LLC to pay for arbitration costs and fees. Plaintiffs contend that under the parties' arbitration agreement and controlling case law, an arbitration agreement cannot expose an employee to greater financial costs than she would have incurred if she pursued her claim in court. Plaintiffs contend that Hillgen-Ruiz cannot vindicate her rights under the Family Medical Leave Act if she is forced to bear arbitration costs because she is bankrupt and cannot afford to front those costs. Plaintiffs thus argue Defendants should bear the entire cost of the arbitration. Plaintiffs also request I certify the matter for immediate interlocutory appeal if I do not grant Plaintiffs' motion.

    Defendants respond that under the parties' arbitration agreement and Nevada law, no fees are assessed until the end of arbitration, and thus cost is no barrier to Hillgen-Ruiz vindicating her rights through the arbitration process. Defendants also argue Plaintiffs have not shown costs are prohibitively expensive. Additionally, Defendants contend the case law upon which Plaintiffs rely is not Nevada law. Finally, Defendants argue I should not certify the matter for appeal.

    "[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the

likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). Plaintiffs have not met that burden. The arbitration agreement provides that "[t]he allocation of costs and arbitrator fees shall be governed by Nevada Revised Statutes and/or controlling case law." (Dkt. #25-1 at 2.) Nevada Revised Statutes § 38.238 provides that the "arbitrator's expenses and fees, together with other expenses, must be paid as provided in the award." Although Plaintiffs anticipate upfront arbitration fees and costs of thousands of dollars, Plaintiffs have not provided any evidence that an arbitrator has asked for a retainer, that Defendants have requested Plaintiffs to pay any portion of a retainer, or that the amount Plaintiffs are being requested to provide is prohibitively expensive such that Hillgen-Ruiz is precluded from effectively vindicating her federal statutory rights through the arbitration. I therefore deny Plaintiffs' motion without prejudice. I also deny the request to certify the matter for immediate appeal under 28 U.S.C. § 1292(b).

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Determination that Costs of Arbitration and Arbitrator's Fees be Paid by Defendants (Dkt. #25) is hereby DENIED without prejudice.

DATED this 17th day of December, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE