**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBIN L. HILLGEN-RUIZ, *et al.*,

    Plaintiffs,

vs.

TLC CASINO ENTERPRISES, INC., *et al.*,

    Defendants.

Case No. 2:14–cv–437–APG–VCF

**ORDER**

MOTION TO COMPEL (#29)

    This matter involves Robin L. Hillgen-Ruiz's employment-discrimination action against Four Queens Hotel & Casino. (*See* Compl. (#1-1) at ¶¶ 7–14[1]). Before the court is the Hillgen-Ruiz's Motion to Compel Arbitration (#29). The Casino opposed (#30); and the Hillgen-Ruiz replied (#31). For the reasons stated below, the Hillgen-Ruiz's motion is granted.

    On September 12, 2014, this court recommended that Hillgen-Ruiz's employment-discrimination action be stayed, as required by 9 U.S.C. § 3, and the matter proceed to arbitration. (Rep. & Rec. (#21) adopted by Order #28). On April 6, 2015, Hillgen-Ruiz filed the instant Motion to Compel arbitration. During the court's July 9, 2015 hearing, the Casino stated that Hillgen-Ruiz's Motion to Compel raises one issue: whether JAMS Rule 31 conflicts with Nevada Revised Statute § 38.238, which was incorporated into the arbitration agreement.

    JAMS Rule 31 states that all fees, regardless of a respective party's share, are to be paid before the hearing. Section 38.238 states the following:

---

[1] Parenthetical citations refer to the court's docket.

1

       1.    An arbitrator may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitral proceeding.

       2.    As to all remedies other than those authorized by subsection 1, an arbitrator may order such remedies as the arbitrator considers just and appropriate under the circumstances of the arbitral proceeding. The fact that such a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award under NRS 38.239 or for vacating an award under NRS 38.241.

       3.    An arbitrator's expenses and fees, together with other expenses, must be paid as provided in the award.

NEV. REV. STAT. § 38.238. The Casino contends that JAMS Rule 31 conflicts with Nevada Revised Statute § 38.238 because the statute does not contain a provision regarding the pre-payment of fees. As a result, the Casino concludes that an arbitration under JAMS rules would be non-compliant with the controlling arbitration agreement.

The court disagrees. Section 38.238 is silent on the timing of the payment of fees. The proposed arbitration under JAMS rules is complaint with the arbitration agreement. The court finds that JAMS Rule 31 is not inconsistent with Nevada law. The parties are ordered to prepay fees as required by Rule 31. These fees may be reallocated as appropriate after the matter is arbitrated within the arbitrator's discretion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Hillgen-Ruiz's Motion to Compel Arbitration (#29) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE